UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NICHOLAS SWERBILOV,

                              Petitioner,       **MEMORANDUM & ORDER**
                                                                            04-CV-3320 (DRH) (MLO)
   -against-

UNITED STATES OF AMERICA,

                              Respondent.
-------------------------------------------------------------X
**A P P E A R A N C E S**:

**NICHOLAS SWERBILOV**
Petitioner Pro Se
Fed. Reg. No. 68219053
P.O. Box 7000/ West-5841
Fort Dix, New Jersey 08640

**OFFICE OF THE UNITED STATES ATTORNEY, EASTERN DISTRICT OF NEW YORK**
Attorneys for Respondent
One Pierrepont Plaza
Brooklyn, New York 11201
By: Peter A. Norling, Esq.

**HURLEY, District Judge:**

*INTRODUCTION*

       Nicholas Swerbilov has brought the above-captioned case pursuant to a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his prison sentence. Presently before the Court are his 2255 motion and three additional motions filed by Swerbilov in connection therewith: (1) a motion for release pending collateral review, pursuant to 18 U.S.C. § 3143; (2) a motion

for an expedited evidentiary hearing; and (3) a motion to file an oversized brief. For the reasons that follow, Swerbilov's motion to file an oversized brief is GRANTED; all of his other motions, including his underlying motion for 2255 relief, are DENIED.

*BACKGROUND*

Swerbilov pleaded guilty on July 31, 2003 to one count of conspiring to transport in interstate commerce stolen property of $5,000 or more in value, in violation of 18 U.S.C. §§ 371 & 2314. Under the 2000 Federal Sentencing Guidelines Manual, Swerbilov's total offense level was 16, which in light of his "Criminal History Category" of II, resulted in an imprisonment range of 24-30 months. Swerbilov was sentenced to 24 months' incarceration pursuant to a plea agreement that included a provision waiving any right to appeal or otherwise challenge any sentence of 27 months or less. Swerbilov has not appealed his sentence. On August 3, 2004, he filed the present 2255 motion.

*DISCUSSION*

I.  *Swerbilov's Motion To Submit an Oversize Brief Is Granted.*

As an initial matter, Swerbilov has moved for permission to submit, concurrently with its submission, an oversized brief (of sixty pages) in support of his underlying 2255 motion. Swerbilov explains that his case raises "complex legal questions and issues of constitutional dimension," and that he "has made a good faith effort to deal with each of these issues and an involved factual and procedural background in as concise a manner as possible."

Swerbilov appears pro se, and his submissions are accordingly viewed with "great flexibility." *See Montes v. Scully*, No. 90 Civ. 1078, 1993 WL 372266, at *3 (E.D.N.Y. Sept. 1, 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1971)). Further, the Government has not opposed this motion. Finally, this Court is of the opinion that rejecting Swerbilov's brief and ordering him to submit a more concise one would only serve to delay the resolution of his underlying motion, while providing little or no additional benefit. For all of these reasons, Swerbilov's motion to submit an oversized brief is hereby granted.

II.     *Swerbilov Is Not Entitled to Release During the Pendency of His 2255 Motion.*

As noted above, Swerbilov purports to brings his motion for release pursuant to 18 U.S.C. § 3143; according to Swerbilov, where "the necessary findings are made" under the provisions of that statute, "the granting of bond is not discretionary." Swerbilov has based his motion on the wrong law, however. Section 3143 is entitled "Release or detention of a defendant pending sentence or appeal," and "[t]he plain wording of 18 U.S.C. § 3143 shows that it does not apply to motions for bail during the pendency of a § 2255 habeas corpus petition." *Harris v. U.S.*, No. 97 Civ. 1904, 1997 WL 272398, at *1 (S.D.N.Y. May 21, 1997) (citing *U.S. v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1995)). Instead, a district court simply has the "inherent power" to grant release on bail to a habeas petitioner who is properly before the court contesting the legality of his custody. *Id.* (quoting *Ostrer v. U.S.*, 584 F.2d 594, 597 n.1 (2d Cir. 1978)).

"The eligibility of a habeas petitioner for bail is not on the same footing as that

of a pretrial accused who is presumptively innocent, or that of a convicted defendant on direct appeal"; both of the latter have a *right* to bail unless the court finds an "undue risk of flight, and undue risk of danger to the community, or that the appeal is frivolous or taken for delay." *Ostrer v. U.S.*, 584 F.2d at 599 (citations omitted). By contrast, a Section 2255 movant will be granted release while his motion is pending only if "in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice." *Id.* (quoting *Aronson v. May*, 85 S.Ct. 3, 5 (1964)). That is, "[a] habeas petitioner should be granted bail only in 'unusual cases,' or when 'extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.' " *Id.* at 597 n.1 (quoting *Argro v. U.S.*, 505 F.2d 1374, 1377-78 (2d Cir. 1974), and *Galante v. Warden, Metro. Corr. Ctr.*, 573 F.2d 707, 708 (2d Cir. 1977) (citing *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974))). The petitioner bears the burden of demonstrating both the "substantial questions" and the "exceptional circumstances" required. *See Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986); and *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972).

In the present case, Swerbilov has offered no indication that the circumstances of his case are exceptional. More importantly, Swerbilov's motion is mooted by this Court's concurrent denial of his underlying 2255 motion on its substantive merits. *See Trzaska v. U.S.*, No. 94 Civ. 2693, 1996 WL 257671, at *3 (S.D.N.Y. May 16, 1996). Accordingly, Swerbilov's motion for release pending a decision on his 2255 motion must be denied.

III.     *Swerbilov Is Not Entitled to an Evidentiary Hearing.*

Swerbilov has moved, as noted, for an "expedited evidentiary hearing." The decision whether to hold an evidentiary hearing on a 2255 motion is generally left to the discretion of the district court. *Newfield v. U.S.*, 565 F.2d 203, 207 (2d Cir. 1977). While a district court should not ordinarily dismiss a 2255 motion without holding a hearing, it may do so if the motion lacks "meritorious allegations" that can be established by "competent evidence," *U.S. v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987), or if the case files and records conclusively otherwise show that the petitioner is entitled to no relief, *U.S. v. Aiello*, 900 F.2d 528, 534 (2d Cir. 1990), or if the allegations of the motion, even accepted as true, do not entitle the petitioner to relief. *See Rosa v. U.S.*, 170 F. Supp.2d 388, 398 (S.D.N.Y. 2001) (citing *Chang v. U.S.*, 250 F.3d 79, 85-86 (2d Cir. 2001)).

In the present case, as explained in Part IV, *infra*, there is clearly no merit in Swerbilov's contentions that his trial attorney was ineffective at his sentencing and that his sentence is unconstitutional. Dismissal of Swerbilov's 2255 motion without a hearing is thus warranted, and his motion for an expedited hearing is accordingly denied.

IV.     *Swerbilov's 2255 Motion Must Be Denied.*

Swerbilov's 2255 motion contains two main points: first, that the waiver of appeals contained in his plea agreement is invalid, because Swerbilov would not have agreed to such a provision but for the ineffectiveness of his trial counsel; and second, that his sentence itself is unconstitutional in light of the Supreme Court's holding in *Blakely v.*

*Washington*, 124 S. Ct. 2531 (2004). Neither contention has merit.

> A. *Swerbilov's attorney was not ineffective for failing to predict subsequent changes to the law, and such changes do not invalidate his waiver of the right to appeal or collaterally challenge his sentence.*

Where a criminal defendant avers that his guilty plea is made knowingly and voluntarily (as Swerbilov did at his sentencing), he will bear a heavy burden of proving otherwise in later proceedings. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). And where a plea agreement contains a waiver of the right to appeal or collaterally attack the sentence imposed, such waivers are generally valid and enforceable against the defendant. *See Garcia-Santos v. U.S.*, 273 F.3d 506, 509 (2d Cir. 2001). The Second Circuit has "upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion . . . yet was still within the range contemplated in the plea agreement," and has stressed that "exceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence." *U.S. v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000).

Nevertheless, criminal defendant's waiver of appellate or collateral attack rights in a plea agreement "does not foreclose an attack on the validity of the process by which the waiver has been procured." *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002). In particular, numerous federal courts have held that plea agreements cannot waive the right to an ineffective-assistance-of-counsel-based appeal or collateral attack.

*See Jones v. U.S.*, 167 F.3d 1142, 1144-45 (7th Cir. 1999) (collecting cases).[1]  Swerbilov asserts that "the whole record reeks of ineffectiveness of counsel at all pretrial, rearraignment and sentencing stages," and that without such ineffectiveness, he would not have waived his rights to appeal or collaterally attack his conviction and sentence.

As Swerbilov himself notes, habeas or 2255 claims of ineffective assistance of counsel during the pleading stage of a criminal case are reviewed under the two-part test laid out in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See, e.g., U.S. v. Vaval*, 404 F.3d 144, 148 n.1 (2d Cir. 2005).  A person claiming ineffective assistance of counsel must show *both* that his counsel's performance was deficient, in that it "fell below an objective standard of reasonableness," *and* that the deficient performance prejudiced his defense, in that there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  This is a "heavy burden." *See Warren v. U.S.*, No. 97 Cr. 115, 2005 WL 165385, at *6 (D. Conn. Jan. 25, 2005).  As the "both" and "and" language in *Strickland* indicates, the court deciding an ineffective assistance claim need not address both components of the inquiry if the petitioner makes an insufficient showing on either one of them.  *See Strickland*, 466 U.S. at 697.

---

[1] Federal courts have also held that a plea agreement cannot waive the right to appeal where the basis of the sentence is otherwise unconstitutional. *See, e.g., U.S. v. Johnson*, 347 F.3d 412, 415 (2d Cir. 2003) (quoting *U.S. v. Jacobson*, 15 F.3d 19, 22-23 (2d Cir. 1994)).  To the extent that Swerbilov is arguing that his waiver of the right to appeal is also void because the constitutional issues implicated in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) render his entire sentence invalid, that underlying premise is erroneous, as will be discussed *infra*, in Part IV.B.

Swerbilov's ineffectiveness claim appears to be based, at least in part, on his notion that he could not "waive future sentencing errors that were not even made when the waiver was given." [Pltf. Memo at 16] That is, Swerbilov's inherent argument is that his counsel was ineffective for failing to predict the Supreme Court's subsequent holding in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and its applicability to his sentence. Beyond the fact that *Blakely* and its antecedent, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), do not in fact apply to Swerbilov (*see* Part IV.B, *infra*), Swerbilov is more generally mistaken in his suggestions that an attorney can be ineffective for failing to anticipate future changes to the law.

There is a strong presumption that an attorney's conduct "falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Judicial scrutiny is highly deferential, and "every effort [should] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* Swerbilov suggests that effective assistance of counsel "is directly related to whether counsel possesses the means necessary to inform the defendant of the penalty likely to be imposed in the event of a guilty plea." [Pltf. Memo at 21] However, the Second Circuit has held that a defendant is not entitled to withdraw his guilty plea under the guise of ineffective assistance of counsel, simply because his attorney erroneously predicted his sentence. *See U.S. v. Sweeney*, 878 F.2d 68, 70 (2d Cir. 1989).

More to the point, an attorney is not normally expected to foresee future changes in the law, *U.S. v. De La Pava*, 268 F.3d 157, 166 (2d Cir. 2001) (citing *Nelson v.*

*Estelle*, 642 F.2d 903, 908 (5th Cir. 1981)), and his failure to do so does not constitute ineffectiveness. *See U.S. v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995). "[A]bsent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. U.S.*, 397 U.S. 742, 757 (1970). The fact that a defendant's lawyer failed to anticipate "later pronouncements of the courts," and the fact that "the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions" does not constitutionally entitle the defendant "to disown his solemn admissions in open court that he committed the act with which he is charged." *Id.* The Seventh Circuit has held untenable in particular the argument that a trial counsel was ineffective for failing to anticipate the Supreme Court's holdings in *Blakely* and *U.S. v. Booker*, 125 S. Ct. 738 (2005) (*see* Part IV.B, *infra*), and to thus object on Sixth Amendment grounds to the trial court's imposition of certain sentencing enhancements. *See Fuller v. U.S.*, 398 F.3d 644, 651 n.4 (7th Cir. 2005). In sum, Swerbilov's attempt to nullify his waiver of appeal/collateral relief by claiming ineffectiveness of counsel is fatally flawed.

Moreover, as the Government notes, even assuming that Swerbilov's waiver is now somehow nullified or voided, Swerbilov should first have to directly appeal his sentence before challenging its underlying constitutional validity on a 2255 motion. *See U.S. v. Dukes*, 727 F.2d 34, 41 (2d Cir. 1984) ("[C]ollateral attack is not a substitute for direct appeal and petitioners are therefore generally required to exhaust direct appeal before bringing a petition

under § 2255"), *and Garcia-Santos v. U.S.*, 273 F.3d 506, 507-08 (2d Cir. 2001) (petitioner challenging plea agreement containing appeal and collateral attack waiver on ineffectiveness grounds must appeal directly before bringing 2255 challenge, and waiver provision does not constitute "cause" for failing to take direct appeal). Swerbilov has failed to make a direct appeal of his sentence. His present motion is thus procedurally inappropriate for this reason as well.

    B.    *Swerbilov's arguments that Booker, Blakely, or Apprendi apply to his sentence clearly lack merit.*

Even assuming that Swerbilov can overcome his waiver of the right to attack his sentence, and even assuming that he can collaterally attack it without a prior direct appeal, his motion for 2255 relief must still be denied on its substantive merits.

Citing the Supreme Court's holdings in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Swerbilov argues that this Court "lacked jurisdiction to depart upward" from his Sentencing Guideline "Base Offense Level" based on facts (in particular, the amount of loss) neither charged in his indictment nor proven at trial beyond a reasonable doubt, and that in so doing, this Court denied Swerbilov's rights under the Fifth and Sixth Amendments to the United States Constitution. Swerbilov's argument has no merit.

In *Apprendi*, the Supreme Court held that the Constitution requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable

doubt." 530 U.S. at 490. But "*Apprendi* does not apply to enhancements that determine a sentence that is within the applicable statutory maximum and that would otherwise be above the applicable statutory minimum," such as Swerbilov's sentence in this case. *U.S. v. Norris*, 281 F.3d 357, 359 (2d Cir. 2002). And under *Apprendi* the applicable standard of proof for such intra-guidelines range enhancements remained a preponderance of the evidence. *Id.* That means that a district court's factual determinations at sentencing only implicated *Apprendi* if they "exposed the defendants to a sentence beyond the statutory range authorized by the jury's verdict." *U.S. v. Toliver*, 351 F.3d 423, 433 (9th Cir. 2003). In the present case, Swerbilov's sentence *did not* exceed the statutory range for the count of conviction, and, in fact, was at the "bottom of the guideline range." [Sentencing Tr. at 13] *Apprendi* does not serve to invalidate Swerbilov's sentence.

Subsequent to *Apprendi*, the Supreme Court held in *Blakely* that the State of Washington's sentencing scheme, involving guidelines legally analogous to those under the federal sentencing system, contravened the Sixth Amendment by allowing a judge to impose any sentence (i.e, not just sentences in excess of the statutory range for the applicable offense) based on facts other than those reflected in the jury verdict or admitted by the defendant. 124 S. Ct. at 2537. *Blakely* did not expressly overturn the federal guidelines. *See id*. at 2538 n.9 ("The Federal Guidelines are not before us, and we express no opinion on them."). Accordingly, the Second Circuit indicated in the aftermath of *Blakely* that the guidelines would continue to apply until the Supreme Court explicitly instructed otherwise. *See U.S. v. Mincey*, 380 F.3d 102, 106 (2d Cir. 2004) (*vacated by Ferrell v. U.S.*, 125 S. Ct. 1071 (2005)).

-11-

*Blakely* was also held to not apply retroactively to Section 2255 motions. *See*, *e.g.*, *Concepcion v. U.S.*, 328 F. Supp.2d 372, 374 (E.D.N.Y. 2004) (Spatt, J.). For both of these reasons, *Blakely* does not serve to invalidate Swerbilov's sentence.

It was only in *U.S. v. Booker*, 125 S. Ct. 738 (2005), that *Blakely's* reasoning was extended to the Federal Sentencing Guidelines, which were, to the extent that they are mandatory, struck down. But *Booker*, like *Blakely*, does not apply retroactively to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that *Booker* was issued. *See Guzman v. U.S.*, 404 F.3d 139, 144 (2d Cir. 2005). Since *Booker* cannot apply retroactively to Swerbilov's sentence (which was imposed well before *Booker* and *Blakely*), Swerbilov's 2255 motion is fundamentally untenable.

Futhermore, the Second Circuit has instructed that even post-*Booker*, "the excision of the mandatory aspect of the Guidelines does not mean that the Guidelines have been discarded. On the contrary, sentencing judges remain under a duty . . . to consider them," and "will normally have to determine the applicable Guidelines range" as was done when the Guidelines were mandatory. *U.S. v. Crosby*, 397 F.3d 103, 111 (2d. Cir. 2005). *Booker* has not "render[ed] the Guidelines a body of casual advice," and does not portend a return to the pre-Guidelines regime of unfettered judicial discretion in sentencing. *Id.* at 113. Thus in practical terms, Swerbilov's sentence would almost certainly be the same under a post-*Booker* system anyway.

In sum, *Apprendi* does not apply to Swerbilov's sentence, as it was within the standard Guidelines range for his crime. *Blakely* does not apply to Swerbilov's sentence,

-12-

because it was limited to the Washington, not federal, sentencing system, and was in any event not made retroactive to cases on collateral review. And *Booker*, which does apply to the federal scheme, is similarly not retroactively applicable to collateral sentence attacks like Swerbilov's, and at any rate, maintains the relevant Guidelines as strongly persuasive authority on sentencing. Swerbilov is thus left without any cognizable ground for the 2255 relief that he seeks, and his motion must be denied.

*CONCLUSION*

For all of the reasons above, Swerbilov's motion to file an oversized brief is GRANTED, his motion for release pending decision on his 2255 motion is DENIED, his motion for an expedited evidentiary hearing is DENIED, and his 2255 motion to vacate, set aside, or correct his sentence is DENIED.

For a certificate of appealability to issue in this case, Swerbilov must have made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A substantial showing "does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.' " *Santana v. U.S.*, No. 04 Civ. 1111, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting *Rhagi v. Artuz*, 309 F.3d 103, 106 (2d Cir. 2002)) (internal quotation marks and citation omitted). Swerbilov has made no substantial showing of the denial of a constitutional right in this case. Accordingly, this Court denies a certificate

of appealability.

        The Clerk of Court is directed to CLOSE this case.

**SO ORDERED.**

Dated:   Central Islip, New York
         May 18, 2005

                                                      /s/
                                                Denis R. Hurley
                                                United States District Judge